Caruthebs, J.,
delivered the opinion of the court.
Dr. Peyton Robertson died in 1840; out of his real estate one hundred and forty-five and a half acres, about three miles west of Nashville, was assigned to his widow, Ellen M. Robertson, for her dower.
The petitioners, E. J. and J. B. Robertson, together with Alex. C. and Alice Robertson, who are minors, are *198 Ms beirs at law, and, as sncb, owners of the remainder in tbe land. The petitioners made several applications to the circuit court of Davidson, at its January and May terms, 1852, for the partition of said land, so far as to have laid off to them their respective shares of the land. The widow was made a party and answered for herself and as guardian ad litem for the infants, agreeing that the petition should be granted. Commissioners were appointed in each case, and set apart to the petitioners respectively their one-fourth, leaving the other two-fourths undivided. The whole proceedings were instituted and completed at the same term, without publication or notice. The cases were brought up by writ of error at the instance of the petitioners.
We think the proceedings are erroneous and void.
1. Decause the notice required by the act of 1799, ch. 11, was not given. That act provides that “a notice in writing, at least ten days previous to the time of presenting such petition, stating the time intended for presenting it and the court to which such petition is to be presented,” shall be “served on every person therein concerned.” It further provides that “no petition shall be presented for the purpose aforesaid until ten days after such service of notice.” The only substitute provided for in the statute is publication three times in some newspaper printed in this State, six months before such application. Car. & Nich., 515. This has been changed to three months, by the act of 1831, ch. 67. In tMs case no such publication was made or notice given. If the parties concerned had all been adults, their appearance and agreement would have been a waiver of the necessity of notice. But here two of the heirs were infants and they appear and answer by their mother, as *199 guardian ad litem, and sbe agrees for them, tbat the petition may be granted. In Frazier and Tulloss, ex’rs. vs. Pankey et als, 1 Swan, 78, this court decided that an answer put in by a guardian ad litem, does not make the infants parties and dispense with the service of process. “A guardian ad litem cannot, by his consent, make his ward a party to a suit.” The infant must be served with process.
2. Even if the guardian had the power contended for, yet the proceedings in these cases are bad, because there is no part of the record which shows her appointment. She says in her answer that she is the “lawfully appointed guardian ad litem of the infants. This is not sufficient. The record must show the action of the court conferring that .character upon her.
So, the notice required by law was not given; nor can the necessity of it be legally waived by the answer of Ellen M. Robertson, because this cannot be done by a guardian, and if if could, she was not properly vested with the powers of a guardian, either general or special.
3. "We do not believe the statutes of the State authorize a partial partition of land. Here the parts of two of the heirs were allotted to them by metes and bounds and the other left undivided. The acts on this subject contemplate a complete and entire partition among all the heirs and the shares be made equal in value.
4. In each of these cases the shares allotted to the petitioners were considered by the commissioners as more valuable than the remaining shares, and according to the provisions of the act of 1787, ch. 17, § 1, they are ordered to pay the excess to the minors. That provision in the- act of 1787, was repealed by the act of *200 1815, cb. 123, Oar. & Nich., 315, by necessary implication. The latter statute directs that the commissioners appointed to partition land, shall divide it “in proportions of equal value and not quantity, as heretofore practiced.”
This change of the law was intended to prevent the injury that might often result to an heir, by being charged with the payment of a sum of money for an excess of land, which he did not want, or, in fact, might be unable to pay without a sale, even at a ruinous sacrifice of the land allotted to him.
It is, in effect, forcing such heir or tenant in common, to buy land against his will, on the one side,- and on the other, compelling a joint owner to part with a portion of that to which he is entitled by law. His right is an equal share in value, and he should not be forced to take more or less. The law fixes and regulates his interest, and no court has the power to change or modify it.
But all reasoning on the subject is- rendered unnecessary, as the directions of the act of 1815, are direct and peremptory.
In the case of Bledsoe, vs. Britt, 6 Yerg., 458, decided in the year 1834, this question came before the supreme court of this State, and the judges were equally divided in opinion: Judges Greene and YFhite entertaining the views now taken by us, and Judges Catron and Peck the opposite opinion. The case went off with the opinion of Judges Catron and Peck, as they concurred with the inferior court. It is in the recollection of one of the members of this court, that this decision was afterwards expressly overruled in an unreported case, at Knoxville, several years afterwards. For this reason, and because *201 we cannot concur in its soundness, we are constrained to disregard tbe case of Bledsoe vs. Britt as authority.
5. Our acts on tbe subject of partition do not, as .we think, apply to interests in remainder or reversionary estates. We are not aware that there has been any decision of this precise question; but in Norments, Adm'r vs. Wilson et als., 5 Humph., 310, it is held that interests in reversion or remainder cannot be sold for partition under tbe acts of 1827, cb. 54, or 1829, cb. 35. We can see no good reason for a distinction between tbe cases. It would be against tbe analogies and symmetry of tbe law to make any. And we think in either case tbe interest of minors requires that direct partition or sale for that purpose, should not be allowed until a right of present enjoyment accrues by tbe termination of tbe life-estate.
There are other defects and irregularities in these proceedings, which it is unnecessary to examine. We have thought it necessary to decide all these points, for the regulation of the practice, -and the security of titles.
The decree of the circuit judge, will, therefore, be reversed, and the petitions in both cases dismissed, at the cost of petitioners. ‘